UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cr-20907-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CELACE POLIARD,

    Defendant.

_____/

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** is before the Court on *pro se* Defendant Celace Poliard's Motion for Compassionate Release/Reduction in Sentence. ECF No. [35] ("Motion"). The Government filed a Response in Opposition to the Motion, ECF No. [38], and Poliard filed a Reply to the Government's Response, ECF No. [39]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

On December 19, 2018, Poliard pleaded guilty to the Counts in the Indictment: Possession with Intent to Distribute Cocaine Base and Cocaine, in violation of 21 U.S.C. § 841(a)(1); Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, in violation of 18 U.S.C. § 924(c)(l)(A)(i); and Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). ECF Nos. [6] and [16]. On February 28, 2019, the Court sentenced Poliard to 240 months' imprisonment, followed by five years of supervised release. ECF No. [24]. He is currently housed at the Federal Correctional Institution in Miami, Florida. ECF No. [35] at

5. He now moves for compassionate release from prison based upon purportedly extraordinary and compelling reasons, including that Poliard did not meet the requirements for the application of the Armed Career Criminal Act ("ACCA")[1] and is therefore entitled to a significant reduction in sentence.

In the Motion, Poliard argues the Court has discretion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) on the grounds that "extraordinary and compelling reasons" warrant such a reduction. ECF No. [35] at 2. Poliard contends the extraordinary and compelling reasons are that he does not meet the requirements for the application of the ACCA where his "prior convictions" do not qualify as "serious drug offenses" under 18 U.S.C. § 922(g) based on the Supreme Court's decisions in *Concepcion* and *Jackson*. ECF No. [35] at 4.

In order to grant Poliard's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the Bureau of Prisons ("BOP"); (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A). Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

The Eleventh Circuit has held that U.S. district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13 of the U.S. Sentencing Guidelines. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*,

---

[1] 18 U.S.C. § 924(e).

142 S. Ct. 583 (2021); *see also id.* at 1248-49 (describing the background and development of the U.S. Sentencing Guidelines and the definition of "extraordinary and compelling reasons" in § 3582(c)(1)(A)(i)). According to the U.S. Sentencing Guidelines, extraordinary and compelling reasons include (i) a "terminal illness"; (ii) a "permanent physical or medical condition" or "deteriorating physical or mental health because of the aging process," which "substantially diminishes the ability of the defendant to provide self-care" in prison; (iii) "death or incapacitation of the defendant's only family member capable of caring for" a minor child; and (iv) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (i), (ii), and (iii)." U.S.S.G. § 1B1.13 cmt. n.1(A).

Here, Poliard asserts that the extraordinary and compelling reason in his case is that he does not meet the requirements for the application of the ACCA. ECF No. [35] at 4. Because Poliard does not argue that he suffers from a terminal illness, a "permanent physical or medical condition" or "deteriorating physical or mental health because of the aging process," or that a "death or incapacitation of the [Poliard's] only family member capable of caring for" a minor child has occurred, it follows this reason is extraordinary and compelling only if the Director of the BOP determined so. It is Poliard's burden to demonstrate that the Director made such a determination, but he has failed to do so.

Thus, Poliard has failed to meet his burden to show that compassionate release is warranted in his case. For this reason alone, Defendant's Motion must be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [35]**, is **DENIED**.

Case No. 18-cr-20907-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Celace Poliard
17793-104
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177
PRO SE